## STATE v. JOHNSON.

1. APPEAL.—The motion to dismiss the appeal here will not be granted because the exceptions are in proper form and merits cannot be considered on mere motion.
2. IBID.—NEW TRIAL—AFTER-DISCOVERED EVIDENCE.—Motion to suspend appeal and for leave to move Court below to grant new trial on after-discovered evidence refused because the facts here do not satisfy the Court that the ends of justice would be thereby subserved.
3. IBID.—Motion to reinstate appeal will not be granted where the record shows it was abandoned with full knowledge of the facts involved in so far as they affect the appeal.
4. IBID.—JURORS.—Exceptions based on findings of fact below on motion for new trial because of partiality of jurors not disclosed on *voir dire* examination, and on refusal of Judge to grant compulsory process to bring in witnesses on that question, there appearing no abuse of discretion, will not be considered.

Before GAGE, J., Horry, February, 1906.   Affirmed.

Motions in State against Commander Johnson, appellant.

*Mr. B. Wofford Wait,* for appellant, cites : *Juror must be impartial:* 36 S. C., 504, 479; 39 S. C., 97. *Juror must answer truly on voir dire:* L. R., 37 Ch. Div., 541; 8 S. C., 239; 20 S. C., 449; 15 S. C., 155. *Refusal to grant new trial here is error of law and reviewable:* 54 S. C., 142, 148; 9 S. E., 861; 57 Miss., 434. *On points already considered and general questions involved:* 18 L. R. A., 473, note, and cases; 6 Mack., 66; 27 Tex. App., 513; 57 Miss., 434; 22 Fed. R., 234; 2 N. H., 349; Meigs, 262; 9 Humph., 411; 1 Sneed, 215; 16 Mich., 351; 3 Dall., 515; 47 Me., 593; 28 Ga., 439; 112 Ga., 25; 15 Ga., 223.

*Solicitor J. M. Johnson,* contra.

May 25, 1906.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The facts hereinafter mentioned are

26—74

set out at greater length than would be necessary in stating the exceptions alone, as the following motions were heard upon the hearing in this Court, to wit:

First. A motion on the part of the State to dismiss the appeal on the ground that the exceptions raised only questions of fact, which are not reviewable by this Court.

Second. A motion on the part of the appellant to suspend the hearing of the appeal in this Court, for the purpose of enabling him to make a motion in the Circuit Court, on the ground of after-discovered evidence, and

Third. A motion by the appellant to be allowed to reinstate the appeal which was heretofore dismissed, on the ground that there was no intention to abandon the same.

The following facts appear in the record: This is an appeal from an order made by his Honor, Judge Gage, on the 22d February, 1906, refusing defendant's motion for a new trial, and assigning a new day for the execution of sentence upon the defendant, to wit: 30th March, 1906.

This case came on to be heard before his Honor, Judge Gary, at the fall term of Court in 1905, when the defendant above named and his co-defendant Charlotte Simmons were tried together for the murder of Harmon Grainger; upon which said trial the verdict as to Commander Johnson was "guilty" and as to Charlotte Simmons "guilty with recommendation to mercy." The defendant Commander Johnson was then sentenced to be hanged. His motion for a new trial made at that time on the minutes of the Court was refused, but the defendant Charlotte Simmons was granted a new trial by his Honor, Judge Gary.

From the verdict rendered at the former trial, and the refusal of his Honor, Judge Gary, to grant defendant a new trial, notice of intention to appeal to the Supreme Court was given, and several extensions of time within which to serve the "Case" were obtained, the last extension being by Justice C. A. Woods, dated December 8th, 1905, extending the time for perfecting the appeal for a period of thirty days from the date thereof, "on condition that the defendant con-

sent that the cause be docketed for a hearing on the call of the Fourth Circuit," at that term of the Supreme Court—said Court being then in session; but no "Case" was served, and the Supreme Court adjourned for the term, after which defendant's counsel informed respondent's counsel orally that he had not perfected the appeal and would abandon his appeal because he intended to move for a new trial on Circuit on after-discovered evidence; that respondent's counsel then filed his affidavit with the Clerk of the Supreme Court, and had the appeal dismissed, and the remittitur was sent down, so that a new day might be assigned for execution of the sentence.

This motion came on to be heard before his Honor, Judge Gage, on 21st February, 1906, upon notice and affidavits in behalf of appellant, and the State, whereupon his Honor, Judge Gage, announced that he would not decide the matter without examining the witnesses who had made affidavits as to certain jurors and jurors attacked in said affidavits in open Court, and continued the hearing until the next day, in order that they might be brought into Court; but refused defendant's prayer for compulsory process of the Court to have certain other witnesses brought and examined upon the grounds set forth in the notice of motion, from whom no affidavits had been obtained or served or filed or presented to the Court. Upon hearing the testimony, on the 22d of February, 1906, and after argument of counsel, the Court denied defendant's motion, without making any written order thereon, save upon the docket, and a reference thereto in the sentence indorsed upon the indictment, and assigned and named a new day for the execution of the defendant, as hereinbefore stated.

From this last mentioned order and from the rulings of the Court on the hearing of said motion, this defendant, by his attorney, deposited in the post office at Conway, S. C., original and copy notice of his intention to appeal on March 3d, 1906, in an envelope, plainly addressed to J. M. Johnson, Esq., Solicitor 4th Circuit, Marion, S. C., sealed up,

with postage fully prepaid, with which was the following letter addressed also, as above stated, at Marion, S. C.: "My dear Sir: Enclosed please find notice of appeal *in re* The State *vs.* Commander Johnson; if you will please indorse your acceptance of service on the original—if you do not care to do so, I can make the necessary certificate. I also transmit a copy of the same to you at Darlington. Kindly return *original* at once. Yours very truly, B. Wofford Wait;" and on the same day deposited in the same post office a copy of the same notice to the said Solicitor, at Darlington, S. C., where the statute required him to be the following Monday, to wit: on the 5th day of March, at the Court of Sessions, which copy was also sealed in an envelope, plainly addressed to said Solicitor, in care of the Clerk of the Court, Darlington, S. C., in which was a letter of which the following was a copy, after the address to Darlington, as above stated: "My dear Sir: Inclosed please find copy of notice of appeal *in re* The State against Commander Johnson. I have mailed the original and another copy to you at Marion, S. C., with letter by to-day's mail. Yours very truly, B. Wofford Wait;" these packages, as appears from the post office stamp on each at Conway, did not leave there until March 5th, and the former was stamped at Marion on the same date, and there re-mailed to Darlington on March 6th, and was stamped and received at Darlington on March 7th, and was immediately returned with the following letter: "Darlington, S. C., 7th March, 1906. B. Wofford Wait, Esq., Conway, S. C. Dr. Sir: Original notice intent to appeal rec'd to-day, 7th at noon: *too late,* even if matter appealable, but it is not—statute shows you that I am in Darlington first Mon. in March for whole week. I return it at once and refuse to be served *out of time,* especially as Judge Gage's order is held by Supreme Court as not appealable. Yrs. &c., J. M. Johnson, Sol'r 4th Circuit;" the latter package arrived at Darlington at 9:30 P. M. on the 5th, and was received by the addressee on the forenoon of the 6th

The motion before his Honor, Judge Gage, was made upon the following grounds:

"1. On the ground of after-discovered evidence, the knowledge of which was denied to defendant and his counsel at the time of the trial, and which could not then have been known to them through the exercise of the utmost diligence.

"2. On the ground that certain members of the jury committed perjury when sworn upon their *voir dire*.

"3. On the ground of misconduct of the jury during their deliberations."

The appellant's exceptions are as follows:

"1. Because his Honor erred in not holding that, as a matter of law, the defendant was entitled to a new trial, when it was shown conclusively that any juror had either formed or expressed an opinion relative to the guilt or innocence of the defendant, and concealed that fact when sworn upon his *voir dire*.

"2. Because his Honor erred in not holding that after the verdict of a jury has been rendered it is then not too late to inquire whether such formation of opinion left the juror's mind unbiased and free from prejudice.

"3. Because his Honor erred in not holding that it is too late after verdict rendered, for the Court to enter into and test the condition or state of a juror's mind at the time of trial, when the juror later admits the formation of an opinion hostile to the defendant before trial, but concealed and denied it upon his *voir dire* examination, justifying his doing so now by the statement of his 'mental reservation' when falsely answering the questions put to him by the Court at the proper time."

4. The fourth exception was abandoned.

"5. Because his Honor erred in not holding that the juror's concealment of his previous formation of opinion operated as a restriction upon the defendant's exercise of the right of peremptory challenge.

"6. Because his Honor erred in not holding that the Court, and not the juror, is the proper judge of the state or con-

dition of a juror's mind, when the juror has entertained an opinion as to the guilt of defendant prior to trial.

"7. Because his Honor erred in receiving and considering the testimony of a juror, who, in an attempt to exculpate himself under oath, admitted having sworn falsely upon his *voir dire* examination—thereby becoming a self-confessed perjurer.

"8. Because his Honor erred in not receiving the testimony of witnesses from whom no affidavits had been obtained, but who were present in Court.

"9. Because his Honor erred in refusing compulsory process to the defendant to bring recalcitrant witnesses into Court, and the right to have them examined in his behalf upon these questions.

"10. Because his Honor erred in not holding that the defendant is of right entitled to a new trial, if only a reasonable doubt be raised as to the fair and impartial constitution of the jury."

The motion to dismiss the appeal herein cannot be sustained, as the exceptions are in proper form, and the merits thereof cannot be considered upon a mere motion.

The motion to suspend the hearing of the appeal in this Court for the purpose of enabling the appellant to make a motion in the Circuit Court on the ground of after-discovered evidence cannot be sustained; as the facts in the case do not satisfy this Court that the ends of justice would be thereby subserved.

The motion to reinstate the former appeal in this case cannot be sustained for the reason that the record shows it was abandoned with full knowledge of the facts involved in so far as they affect the appeal.

The exceptions must be overruled for the reason that they are all dependent upon findings of fact which are not reviewable by this Court and there does not appear to have been an abuse of discretion on the part of his Honor, the Circuit Judge.

It is the judgment of this Court, that each of said motions be refused, that the judgment of the Circuit Court be affirmed, and the case remanded to that Court for the purpose of having another day assigned for the execution of the sentence.

MESSRS. JUSTICES JONES AND WOODS, *concurring.* In our opinion the order of Judge Gage refusing a new trial involved only questions of fact, the decision of which was in his discretion, and the order, therefore, was not appealable. For this reason we think the motion to dismiss the appeal should have been granted. But the other Justices being of a different opinion, and the motion to dismiss having, therefore, failed, we now concur in refusing the motions made in behalf of defendant, and in affirming the judgment of the Circuit Court.